## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Disability Support Alliance, on behalf of its members; and Scott Smith,<br><br>                    Plaintiffs,<br><br>v.<br><br>PGJ Properties, LLC,<br><br>                    Defendant. | **DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**<br><br>        Case No.  16-cv-217  (DSD/SER) |

## I.        INTRODUCTION

On December 17, 2015, plaintiff Scott Smith drove to the Shady Oak Center, a commercial property owned by defendant PGJ Properties, LLC ("PGJ"). Smith is disabled and requires the use of a wheelchair.  Upon arrival at the Center, Smith encountered at least two open parking spaces reserved for the disabled that had access aisles for his wheelchair.  Remarkably, the exhibit to the Complaint contains photos of both open spaces.  Rather than use one of the two open spaces, Smith drove away.  He then filed this lawsuit, claiming that the Shady Oak Center should have had more such spaces and that PGJ denied him full and equal access to the Center.

The claims of Smith and the Disability Support Alliance ("DSA"), his attorney's litigation front, should be dismissed because plaintiffs have failed to allege any actual injury and thus lack standing to pursue their claims.  This lawsuit presents a classic case of the self-inflicted injury:  Smith had full access to the

1

Shady Oak Center, yet declined to enter of his own volition.  Nowhere in the Complaint does Smith allege that he was unable to park his car in one of the parking spaces reserved for the physically disabled with access aisles and nowhere does he allege or explain that he needed more than two such parking spaces.  The lawsuit is thus manufactured and should be dismissed.

## II.    FACTS[1]

PGJ owns the Shady Oak Center, a mixed-use commercial complex in Eden Prairie, Minnesota. (Compl., ¶ 11.) Smith suffers from a disability that requires him to use a wheelchair. (Id., ¶ 10.)  When Smith travels by car, he needs space next to his car to get his wheelchair in and out of the car. (Id., ¶ 15.)  DSA is a Minnesota non-profit corporation. (Id., ¶ 8.)  The only information in the Complaint about its members is as follows: "Each member of the [DSA] is a person with a disability who is recognized as a member of a protected class under federal and state law." (Id., ¶ 8.)

On or around December 17, 2015, Smith went to the Shady Oak Center. (Compl., ¶ 12.)  Smith does not identify in the Complaint any of the businesses at the Shady Oak Center, nor does he identify which business brought him to the Shady Oak Center.

Once at the Center, Smith found "an inadequate number of accessible parking spaces with adjacent access aisles in the parking lot…" (Id., ¶ 13.)  Smith

---

[1] Because PGJ brings this motion under Rule 12(b)(6), the facts will be drawn only from the Complaint and taken as true for purposes of this motion only.

counted ten parking spaces reserved for the physically disabled, and two of those spaces had "adjacent access aisles." (Id., ¶ 14.)  Smith attached to the Complaint as Exhibit A photos of parking spaces at the Shady Oak Center.  The last of the photos shows a vacant disabled access space with an access aisle for Smith's wheelchair.  In addition, the first photo shows a vacant disability access space sufficiently wide for a normal-sized vehicle and an access aisle for a wheelchair. In the Complaint, Smith does not explain his failure to use either of these spaces. Rather, Smith makes the contradictory allegation that he "attempted to access Defendant's premises, but could not do so independently on a full and equal basis because of his disabilities, due to the physical barriers to access… that exist at Defendant's premises." (Id., ¶ 17.)

Without further elaboration, Smith alleges,

In light of the architectural barriers at "Shady Oak Center," Plaintiff Smith and other members of the Disability Support Alliance are deterred from visiting "Shady Oak Center" in the future.

(Id., ¶ 16.)

Plaintiffs have purported to state three claims: violations of 42 U.S.C. § 12182(a) and Minn. Stat. § 363A.11 for denying plaintiffs "full and equal access to 'Shady Oak Center' and/or… the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations on a full and equal basis," and a violation of Minn. Stat. § 611A.79 for PGJ's alleged violation of Minn. Stat. § 363A.11. (Id., ¶¶  39, 48, 57.)

### III.    ARGUMENT

### a.    Standard

To withstand a Rule 12(b)(6) motion, a complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 547 (2007).  "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955).  Here, the Complaint should be dismissed with prejudice because it reveals an absence of injury, a requirement of standing, and plaintiffs' conclusory allegations are insufficient to remedy that defect.

### b.    Plaintiffs Had Full and Equal Opportunity to Enter the Shady Oak Center But Declined That Access

The parties asserting federal jurisdiction "bear the burden of establishing their standing." *Disability Support All. v. Geller Family Ltd. P'ship III*, 2016 WL 424970, at *2 (D. Minn. Feb. 3, 2016) (citations omitted) (same plaintiffs as instant case).  "A case or controversy exists only if a plaintiff 'personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant.'" *Wieland v. U.S. Dep't of Health & Human Servs.*, 793 F.3d 949, 954 (8th Cir. 2015), *quoting Gladstone Realtors v. Vill. of Bellwood,* 441 U.S. 91, 99 (1979).  To meet this threshold, a plaintiff must establish, among other things, "that he has suffered an 'injury in fact' that is 'actual or imminent, not 'conjectural or 'hypothetical'" and "that the injury is causally connected to the

defendant's allegedly illegal conduct." *Id.* (citation omitted).  Moreover, plaintiffs "cannot manufacture standing merely by inflicting harm on themselves based on their fears of hypothetical future harm that is not certainly impending." *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1151 (2013) (citation omitted).  Such injuries are "self-inflicted" and "break the causal chain" with any alleged illegal conduct by a defendant. *Petro-Chem Processing, Inc. v. E.P.A.*, 866 F.2d 433, 438 (D.C. Cir. 1989) Here, plaintiffs suffered no injury in fact because Smith's claimed injury is entirely self-inflicted:  he came face-to-face with at least two parking spots for the disabled that had aisle access for his wheelchair, yet declined to use either spot.  Plaintiffs' injuries are thus "manufacture[d]" and do not give rise to standing.

The Complaint makes clear that on December 17, 2015, the date Smith purports to have visited the Shady Oak Center, there were two spaces reserved for the disabled that had "adjacent access aisles." (Compl., ¶ 14.)  Smith does not allege that both spaces were full or that he was arriving with a caravan of disabled drivers and required more than two spaces with adjacent access aisles.  Indeed, the photos plaintiffs attached to the Complaint as Exhibit A show at least two vacant parking spaces reserved for the disabled with adjacent access aisles, one painted, the other not.  On these facts, plaintiffs' claimed injuries are "hypothetical," and their decision not to enter the Shady Oak Center was "self-inflicted." *Wieland*, 793 F.3d at 954; *Petro-Chem*, 866 F.2d at 438.  Plaintiffs thus lack standing to pursue their claims under 42 U.S.C. § 12182(a) and Minn. Stat. § 363A.11.

Because Smith lacks standing to sue, so does DSA.  For an association to have standing, it must establish that "its members would otherwise have standing to sue in their own right, the interests at stake are germane to the organization's purpose, and neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.,* 528 U.S. 167, 181 (2000).  An association "need not establish that all of its members would have standing to sue individually so long as it can show that 'any one of them' would have standing." *Iowa League of Cities v. E.P.A.*, 711 F.3d 844, 869 (8th Cir. 2013) (citation omitted).  This "requires any [association] member to satisfy the three components that encompass the 'irreducible constitutional minimum of standing.'" *Id.* (citations omitted).  DSA, however, cannot show that any of its members individually have standing because it has not alleged that any of its members beyond Smith attempted to access the Shady Oak Center.  Moreover, Smith, the sole member who allegedly attempted to access the Center, encountered unencumbered access.  DSA's claim to associational standing thus fails because none of its members sustained an injury in fact.

Indeed, one Court in this District rejected standing for the DSA based on the following findings:

> Plaintiffs have provided very little information about the DSA and its members. Plaintiffs simply state that the DSA "is a Minnesota nonprofit corporation," that "[i]ts members are people with disabilities," and that "[i]ts mission is to eliminate [disability] discrimination… At this stage of the proceedings, after discovery

6

has closed, the Court knows no more about the DSA and its
members than it did before discovery began. The extent of injury to
individual DSA members requires individualized proof, because
some disabled people may be able to access 889 Grand without the
need for removal of architectural barriers. Plaintiffs have not
asserted that all DSA members depend on a wheelchair for mobility,
nor whether all members are physically disabled, rather than
disabled in some other way that does not affect mobility. The DSA
has failed to meet the requirements for associational standing, and
therefore has no right to sue Heartwood.

*Disability Support All. v. Heartwood Enterprises, LLC*, 2016 WL 740411 (D.

Minn. Feb. 24, 2016). The instant case is similar in that the Complaint provides

little to no detail about the DSA, and the relief requested would "require[] the

participation of individual members in the lawsuit." *Friends of the Earth,* 528 U.S.

at 181. It would appear from *Heartwood* and other cases filed in this District that

the DSA is nothing more than a nameless, faceless litigation front and represents

only its attorney's interests, not those of the disabled.

Plaintiffs may argue that decisions on standing in several cases in this

District in which DSA and sometimes Smith are a plaintiff support their claim for

standing here. Plaintiffs are wrong. The other cases are distinguishable. In

*Disability Support All. v. Geller Family Ltd. P'ship III*, 2016 WL 424970, (D.

Minn. Feb. 3, 2016), the Court found no standing based on defendant's having

corrected parking spaces that were out of compliance with the ADA prior to the

commencement of the lawsuit. PGJ has not yet corrected the alleged deficiencies

and plaintiff's may claim that based on the language of *Geller*, that is enough to

confer jurisdiction. However, there is one significant difference between the

7

instant matter and *Geller*:  here, it is admitted that PGJ already provides ADA compliant parking spaces while in *Geller* that was not the case.  This difference precludes a finding of injury in fact and thus standing.  *Wieland*, 793 F.3d at 954.

In *Disability Support All. v. Monali, Inc.*, 2016 WL 859442, (D. Minn. Feb. 12, 2016), *report and recommendation adopted*, 2016 WL 868174 (D. Minn. Mar. 4, 2016), the Court found standing based on the allegations that the defendant hotel "did not have an accessible parking space" and that there was a "danger posed by parking in a space without an access aisle."  Here, plaintiffs had at least two fully-accessible parking spots from which to choose and thus faced none of the "danger" giving rise to standing in *Monali*.

Finally, in *Disability Support All. v. Billman*, 2016 WL 755620 (D. Minn. Feb. 25, 2016), the Court found standing for the same plaintiffs as here.  *Billman* is distinguishable from the instant case because factual allegations showed that Smith truly could not access the shopping center:  "Smith also reported that one of the entrances to the shopping center was not accessible because a person seeking to enter was required to climb two stairs, each approximately eight inches in height, and there were no signs posted at the entrance giving direction to an alternative accessible entrance."  There are no such barriers here, and Smith's decision not to enter the Shady Oak Center was a "self-inflicted" injury – if any injury at all.

### c.      Plaintiffs Have Not Stated a Valid Bias Offense Claim

"A person who is damaged by a bias offense has a civil cause of action against the person who committed the offense." Minn. Stat. § 611A.79.  A "'bias offense' means conduct that would constitute a crime and was committed because of the victim's… disability…" *Id.*  "Thus, a person commits a disability-related bias offense only if he (1) commits a crime, **and** (2) commits that crime 'because of' the victim's disability." *Billman*, 2016 WL 755620 (citation omitted).  Plaintiffs' sole allegation supporting this claim is, "Defendant committed a bias offense against Plaintiffs by violating the MHRA's public accommodation provisions and by discriminating against Plaintiffs on the basis of their respective disabilities." (Compl.¶ 57.)  Two courts in this District have found that this allegation "is not sufficient" to state a claim for a violation of Minn. Stat. § 611A.79. *Monali,* 2016 WL 859442; *Billman*, 2016 WL 755620.  The chief flaw with this allegation specifically and plaintiffs' Complaint generally is that they fail to set forth "facts suggesting that [defendants'] alleged conduct in violation of the ADA and the MHRA was committed **because of** Smith's disability." *Billman*, 2016 WL 755620. "The 'because of' language in the statute requires plaintiffs to prove at least something about the defendant's state of mind at the time he committed the act in question." *Id.* (citation omitted).  In sum, there is nothing in the Complaint to suggest that PGJ acted with any intent to discriminate against plaintiffs.  To the contrary, the allegations of the Complaint show that there was full access to the

Shady Oak Center available to plaintiffs.  The claim under Minn. Stat. § 611A.79 should thus be dismissed.

## III.    CONCLUSION

For the foregoing reasons, this Court should grant defendant's motion and award it its costs and disbursements incurred in defending this action.

Dated: June 10, 2016          SHULMAN & BUSKE PLLC


                              s/Craig Buske_____
                              David L. Shulman (#260721)
                              Craig Buske (#390941)
                              Shulman & Buske PLLC
                              1005 W. Franklin Ave., Suite 3
                              Minneapolis, MN 55405
                              Tel: 612-870-7410