UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ZACH HILLESHEIM, | Case No. 16-CV-0061 (PJS/FLN) |
| Plaintiff, | |
| v. | ORDER |
| CASEY'S RETAIL COMPANY, | |
| Defendant. | |

Paul R. Hansmeier, CLASS JUSTICE PLLC, for plaintiff.

Randi J. Winter, Penelope J. Phillips, and Meggen E. Lindsay, FELHABER LARSON, for defendant.

Plaintiff Zach Hillesheim—who is partially paralyzed and confined to a wheelchair—brought this civil-rights action against Casey's Retail Company ("Casey's"). Hillesheim alleges that Casey's violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182; the Minnesota Human Rights Act ("MHRA"), Minn. Stat. § 363A.11; and Minnesota's anti-bias statute, Minn. Stat. § 611A.79, by failing to make one of its convenience stores accessible to him.

Hillesheim's claim is somewhat unusual. Hillesheim concedes that the Casey's gas station in Jackson, Minnesota reserved an accessible parking space for disabled customers. But, Hillesheim alleges, when he "attempted to visit" that store on or about March 6, 2015, he "could not find an adequate accessible parking space." ECF No. 9 (Compl.) ¶¶ 11-12. According to Hillesheim, the problem was that Casey's had placed

an air hose near the space. That, in turn, encouraged non-disabled customers to park in the accessible space when they wanted to inflate their tires. *Id.* ¶ 12. And even if a customer parked *next* to the accessible space, if the customer pulled the air hose to his or her car, the hose would block a wheelchair user's route from the accessible space to the store's entrance. *Id.* ¶ 13.

The complaint concludes that Hillesheim "attempted to access Defendant's premises, but could not do so independently on a full and equal basis because of his disabilities, due to the barriers to access and violations of the ADA and MHRA that exist at Defendant's premises." *Id.* ¶ 15. The complaint adds that Hillesheim "is deterred from visiting" Casey's, but says that he "plans to return and patronize" Casey's "when he learns that the premises have been made fully accessible to persons who use wheelchairs for mobility." *Id.* ¶ 14.

Hillesheim filed his complaint in Minnesota state court. Casey's removed the action to this Court, arguing that this Court had federal-question jurisdiction over Hillesheim's ADA claim and supplemental jurisdiction over Hillesheim's state-law claims. ECF No. 1 ¶ 3 (citing 28 U.S.C. § 1331). This matter is before the Court on Casey's motion to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Casey's contends that Hillesheim lacks standing to bring his discrimination claims and that, even if he has standing, his complaint fails to state claims on which relief may be granted.

## I. JURISDICTION

As an initial matter, the parties agree that Hillesheim's ADA claim is moot because that claim sought only prospective relief and, after Hillesheim filed his complaint, Casey's moved the air hose away from the accessible parking spot. ECF No. 18 at 3; ECF No. 19 at 2-3; Compl. at 13. (To the extent that Hillesheim seeks prospective relief under the MHRA, that portion of his claim is also moot.) Thus, the Court dismisses Hillesheim's ADA claim without prejudice.

With the dismissal of the ADA claim, the Court no longer has original jurisdiction over any claim under the federal-question statute, 28 U.S.C. § 1331. Casey's argues, however, that the Court has original jurisdiction over the state-law claims under the diversity statute, 28 U.S.C. § 1332. Hillesheim disagrees; he concedes that the parties are citizens of different states, but argues that the amount in controversy does not exceed $75,000, as required by § 1332(a).

The amount-in-controversy requirement is met when the proponent of jurisdiction shows—from the pleadings or from evidence in the record—that the amount in controversy might exceed $75,000. *Hartis v. Chi. Title Ins. Co.*, 694 F.3d 935, 944 (8th Cir. 2012); *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002). What matters is what is *possible*, not what is *likely*; if it is possible for the plaintiff to recover more than $75,000, the amount-in-controversy requirement is met. *See Hartis*, 694 F.3d at 944 (the question

"is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are" (quotation omitted; emphasis in original)); *Zellner-Dion v. Wilmington Fin., Inc.*, No. 10-CV-2587 (PJS/JSM), 2012 WL 2952251, at *3 (D. Minn. July 29, 2012) ("the proponent need prove what is possible, not what is likely"). Remand to state court is appropriate only if the party seeking remand "can establish to a legal certainty that the claim is for less than the requisite amount." *Hartis*, 694 F.3d at 946 (quoting *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009)).

The Court and the parties agree that any damages that Hillesheim recovers in this case will be minimal. At the same time, the attorney's fees could be substantial, and attorney's fees that are authorized by statute—such as those authorized by the MHRA, Minn. Stat. § 363A.33, subd. 7—count towards the jurisdictional threshold. *See Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 766 (8th Cir. 2001) (citing *Mo. State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933)). This is a straightforward case involving mostly undisputed facts; it is highly unlikely that Hillesheim's attorney's fees will exceed $75,000. But it is not legally impossible, and that is what matters. *See, e.g.*, *Mueller v. Radioshack Corp.*, No. 11-CV-0653 (PJS/JJG), 2011 WL 6826421, at *2 (D. Minn. Dec. 28, 2011) (collecting cases between 2008 and 2010 resolved at or before summary judgment in which attorney's fees ranged from $36,795.79 to $100,000).

The Court therefore concludes that the amount-in-controversy requirement is met and that the Court has diversity jurisdiction over the state-law claims.[1]

## II. MHRA CLAIM

*A. Standing*

Casey's contends that Hillesheim lacks standing to bring his MHRA claim.[2] Standing requires (1) an injury in fact (2) that is causally connected to the defendant's conduct and (3) that would likely be redressed by a favorable judicial ruling. *Wieland v. HHS*, 793 F.3d 949, 954 (8th Cir. 2015) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). Casey's argument focuses on the first element: injury.

This is a curious argument, as the complaint fairly clearly alleges injury. Specifically, the complaint alleges that, on or about March 6, 2015, Hillesheim "attempted to visit" Casey's; that Casey's had placed the air hose near the only accessible parking space; that Hillesheim "could not find an adequate accessible parking space"; and that Hillesheim could not access Casey's "independently on a full

---

[1]If the Court did not have original jurisdiction over the state-law claims, the Court would remand those claims to state court rather than exercise supplemental jurisdiction. The Eighth Circuit has made clear that when all federal claims are dismissed from a case before trial, a district court should generally not exercise supplemental jurisdiction over the remaining state-law claims. *Hervey v. Cty. of Koochiching*, 527 F.3d 711, 726-27 (8th Cir. 2008).

[2]The Court notes that the parties agree that the ADA and MHRA are coextensive for present purposes and therefore that federal precedent regarding the ADA is relevant to the MHRA claim. ECF No. 12 at 15; ECF No. 18 at 4.

and equal basis because of his disabilities, due to the barriers to access and violations of the . . . MHRA that exist at Defendant's premises," Compl. ¶¶ 11-12, 15.

Casey's maintains that, notwithstanding these allegations, Hillesheim has not alleged that he was actually injured because he has not alleged that a non-disabled person *actually* was parked in the accessible spot when Hillesheim tried to visit Casey's, or that he *actually* ran into the air hose with his wheelchair. ECF No. 12 at 6-7. Casey's demands too much. True, the complaint does not explicitly allege that a specific car was parked in the accessible spot at the specific time that Hillesheim attempted to visit Casey's—and the complaint does not explicitly allege that Hillesheim's wheelchair was actually blocked by the hose—but those are eminently reasonable inferences to draw from the complaint's other allegations. And, in assessing whether Hillesheim has alleged an injury sufficient to confer standing, the Court must draw all reasonable inferences in Hillesheim's favor. *Young Am. Corp. v. Affiliated Comput. Servs. (ACS), Inc.*, 424 F.3d 840, 843 (8th Cir. 2005) (citing *Lujan*, 504 U.S. at 561).

The bottom line is that the complaint alleges that Hillesheim tried to patronize Casey's on a particular date but was unable to do so because of a specifically described violation of the MHRA. That is sufficient to allege injury in fact.[3] *See Steger v. Franco, Inc.*, 228 F.3d 889, 891-93 (8th Cir. 2000) (finding injury when blind plaintiff was unable

---

[3]Whether these allegations are *true* is, of course, another matter. If Casey's discovers that they are not true, then it may seek relief under Fed. R. Civ. P. 11.

-6-

to locate and use restroom that did not have ADA-required braille or raised-lettered sign).

Even if that were not sufficient, Hillesheim also alleges that he was "deterred from visiting" Casey's in the future because of the alleged violation of the MHRA that he witnessed on or about March 6, 2015. This type of deterrence is itself an injury in fact. *See Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002) ("We hold that a disabled individual who is currently deterred from patronizing a public accommodation due to a defendant's failure to comply with the ADA has suffered 'actual injury.'"); *Disability Support All. v. Monali, Inc.*, No. 15-CV-1522 (MJD/TNL), 2016 WL 859442, at *8 (D. Minn. Feb. 12, 2016) (finding injury when, among other things, "Defendants' hotel did not have an accessible parking space; [and plaintiff] was deterred from patronizing Defendants' hotel because of the danger posed by parking in a space without an access aisle, namely, impeding the use of his car-top wheelchair carrier").

Casey's argues that Hillesheim cannot claim to be injured because his plans to return to Casey's in the future "are neither concrete nor sincere." ECF No. 12 at 11. That may be critical to whether a litigant can receive injunctive or other prospective relief, *see Sawczyn v. BMO Harris Bank Nat'l Ass'n*, 8 F. Supp. 3d 1108, 1111-13 (D. Minn. 2014), but it is not critical to whether a litigant has suffered an injury. If Hillesheim was

deterred from returning to Casey's because of a violation of the MHRA, then he has standing to sue, even if he does not have a fixed plan to return at a particular time.

### B. Failure to State a Claim

Casey's also contends that Hillesheim has failed to state a claim on which relief may be granted because he has failed to allege facts supporting all of the elements of his MHRA claim. According to Casey's, Hillesheim must show that (1) he is disabled, (2) Casey's operates a place of public accommodation, (3) Casey's took adverse action against him based on his disability, and (4) Casey's failed to make reasonable modifications to accommodate his disability. ECF No. 12 at 15-16 (citing *Amir v. St. Louis Univ.*, 184 F.3d 1017, 1027 (8th Cir. 1999)). Casey's focuses on the adverse-action element and asserts that Hillesheim has not alleged facts to support it.

Casey's errs in describing the elements of Hillesheim's claim. Hillesheim is making a claim under the MHRA for failure to accommodate. A plaintiff bringing such a claim does not have to allege an adverse action that is distinct from the failure to accommodate itself. As the Eighth Circuit has made clear, in a public-accommodation case, the alleged failure to accommodate *is* the adverse action, so "there is no requirement to demonstrate any adverse action other than the failure to accommodate itself." *Mershon v. St. Louis Univ.*, 442 F.3d 1069, 1076-77 & n.5 (8th Cir. 2006) (distinguishing *Amir* and citing *Peebles v. Potter*, 354 F.3d 761, 766 (8th Cir. 2004)).

For that reason, Casey's motion to dismiss Hillesheim's MHRA claim is denied.

### III.  BIAS CLAIM

Casey's argues that Hillesheim has failed to adequately plead a bias claim under Minn. Stat. § 611A.79.  Hillesheim concedes that Casey's is correct.  The concession is well advised, because unlike the MHRA's public-accommodation provisions,  § 611A.79 requires that a bias offense be "committed *because of* the victim's . . . disability."  Minn. Stat. § 611A.79, subd. 1 (emphasis added).  Hillesheim's complaint nowhere alleges that, in placing an air hose near an accessible parking spot, Casey's was acting out of animosity toward the disabled.  *See Seivers v. City of Minneapolis*, No. 09-CV-0816 (DSD/SER), 2011 WL 284486, at *5 (D. Minn. Jan. 25, 2011) (granting summary judgment on bias claim when "no evidence supports an inference that the [defendant police] officers acted out of racial animus, and there is no evidence to show that the officers acted 'because of' Seivers's race").

Hillesheim asks for permission to file an amended complaint.  But Local Rule 15.1 governs requests to file amended complaints, and Hillesheim has not come close to following it.  He has not, for example, provided "a copy of the proposed amended pleading" or, for that matter, even explained what factual allegations he would add in an amended complaint.  (Common sense suggests that it is highly unlikely that the location of Casey's air hose was inspired by spite toward the disabled.)

The Court therefore denies Hillesheim's request to amend his complaint. *See, e.g.*, *Glickert v. Loop Trolley Transp. Dev. Dist.*, 792 F.3d 876, 880 (8th Cir. 2015) (affirming dismissal without leave to amend when plaintiffs "did not submit a motion to amend or a proposed amendment, nor did they indicate what a proposed amended pleading might have contained"); *O'Neil v. Simplicity, Inc.*, 574 F.3d 501, 505 (8th Cir. 2009) ("A district court does not abuse its discretion in denying leave to amend where a plaintiff has not followed applicable procedural rules.").

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT Casey's motion to dismiss [ECF No. 10] is GRANTED IN PART AND DENIED IN PART as follows:

1. Hillesheim's ADA claim is DISMISSED AS MOOT.

2. Hillesheim's MHRA claim is DISMISSED AS MOOT to the extent that it seeks injunctive or prospective relief.

3. Hillesheim's bias claim under Minn. Stat. § 611A.79 is DISMISSED WITHOUT PREJUDICE.

4. Casey's motion to dismiss is DENIED in all other respects.

Date: July 6, 2016       s/Patrick J. Schiltz
                         Patrick J. Schiltz
                         United States District Judge